UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY LEE,<br><br>                          Petitioner,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>                         Respondent. | Case No.: 3:24-cv-01492-RBM-DDL<br><br>**ORDER**<br><br>**(1) GRANTING PETITIONER'S MOTION AND DECLARATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**(2) SETTING BRIEFING SCHEDULE FOR PETITION FOR REVIEW**<br><br>**[Doc. 2]** |

      On April 22, 2024, Petitioner Danny Lee ("Petitioner") filed a Petition for Review of a final order of the Merit System Protection Board[1] (the "Board") with the United States Court of Appeals for the Federal Circuit ("Federal Circuit").  (Doc. 1 at 9 [Petition for

---

[1] "Congress created the Merit Systems Protection Board … to review certain serious personnel actions against federal employees." *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 422 (2017).

1

3:24-cv-01492-RBM-DDL

1  Review]; *see also* Doc. 1 at 10–26 [Final Order of the Merit Systems Protection Board].)

2  On August 21, 2024, the Federal Circuit transferred his Petition to this Court. (Doc. 1-2 at 62–63 [Transfer Order].) In the Transfer Order, the Federal Circuit explained that "[f]ederal district courts, not this court, have jurisdiction over 'cases of discrimination subject to the provisions of 5 U.S.C. § 7702,' 5 U.S.C. § 7703(b)(2), which involve an allegation of an action appealable to the Board and an allegation that a basis for the action was covered discrimination." (*Id.* at 63 (citing *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 437 (2017))). The Federal Circuit then concluded that Petitioner "continues to pursue the discrimination allegations he made before the Board, so jurisdiction to review the Board's decision lies in district court." (*Id.*)

Included with the transfer is Petitioner's Motion and Declaration for Leave to Proceed In Forma Pauperis ("IFP Motion") filed before the Federal Circuit. (Doc. 2.) In his IFP Motion, Petitioner states that he is "unable to afford the filing fees and request[s] they be waived." (*Id.* at 1.) Petitioner notes that he is unemployed, has approximately $1,500 per year in savings earning interest, receives approximately $1,864 per month in disability, and receives approximately $170 per month in EBT food stamps. (*Id.* at 2.) Petitioner also notes that he owns two cars: an inoperable 2004 BMW and a 1989 Cherokee with 322,000 miles. (*Id.* at 3.) Petitioner then states that he has $2,320 in debts, financial obligations, or expenses. (*Id.*) Finally, Petitioner states that he has $511.96 in cash, checking accounts, or savings accounts. (*Id.* at 4.)

Before turning to the merits of the Petition for Review, the Court must first address Petitioner's IFP Motion. *See e.g.*, *Johnson v. Dep't of Com.*, Civil Case No. 3:19-CV-611-L-BK, 2020 WL 2616519, at *1 (N.D. Tex. Feb. 21, 2020), *report and recommendation adopted*, 2020 WL 2615927 (N.D. Tex. May 22, 2020) (considering the petitioner's IFP motion upon transfer from the Federal Circuit). Along with determining whether Petitioner is entitled to proceed IFP, the Court must also analyze the viability of the Petition for Review under 28 U.S.C. § 1915(e). *See e.g.*, *Alford v. McGettigan*, No. 7:20-CV-00202-D, 2021 WL 1097335, at *2–3 (E.D.N.C. Feb. 23, 2021) (conducting screening required

by 28 U.S.C. § 1915(e) after granting the petitioner's IFP motion), *report and recommendation adopted*, 2021 WL 1095309 (E.D.N.C. Mar. 22, 2021); *Munoz v. McDonough*, Case No.: 2:21-cv-00430-APG-EJY, 2021 WL 9220191, at *2–3 (D. Nev. June 28, 2021) (same), *report and recommendation adopted*, 2021 WL 9220184 (D. Nev. July 23, 2021). The Court addresses each issue in turn.

## I.  IFP MOTION

An applicant need not be completely destitute to proceed IFP, but he must adequately prove his indigence. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). An adequate affidavit should "allege[] that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (an adequate affidavit should state supporting facts "with some particularity, definiteness and certainty") (citation omitted). No exact formula is "set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo*, 787 F.3d at 1235. Consequently, courts must evaluate IFP requests on a case-by-case basis. *See id.* at 1235–36 (declining to implement a general benchmark of "twenty percent of monthly household income"); *see also Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (requiring that district courts evaluate indigency based upon available facts and by exercise of their "sound discretion"), *rev'd on other grounds*, 506 U.S. 194 (1993); *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) ("The granting or denial of leave to proceed [IFP] in civil cases is within the sound discretion of the district court.").

Here, Petitioner's monthly expenses ($2,320) appear to exceed his monthly income ($2,034). In its "sound discretion," *see Cal. Men's Colony*, 939 F.2d at 858, the Court finds that Petitioner "cannot pay the court costs and still afford the necessities of life[,]" *Escobedo*, 787 F.3d at 1234 (citing *Adkins*, 335 U.S. at 339). Accordingly, Petitioner's IFP Motion is **GRANTED**.

## II.     **28 U.S.C. § 1915(e) SCREENING**

Typically, the district court "must dismiss any portion of the complaint it determines is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Alford*, 2021 WL 1097335, at *2 (citing 28 U.S.C. § 1915(e)(2)(B)). "A court may also consider whether it has subject-matter jurisdiction over a complaint as part of the frivolity review." *Id.* (citation omitted).

The application 28 U.S.C. § 1915(e)'s screening requirements to Petitions for Review of final orders of the Board is infrequent and imperfect as Petitions for Review are not always accompanied by a motion to proceed IFP and there is often no Petitioner-drafted complaint to screen. (*See* Doc. 1 at 9 [Petition for Review].) *See also Munoz*, 2021 WL 9220191, at *2 ("Plaintiff's initial filing is construed as a Complaint … ."); *but see Harris v. Dep't. of Health & Hum. Servs.*, No. GJH-21-558, 2021 WL 5920645, at *2 (D. Md. Dec. 15, 2021) (granting IFP motion after petition for review was transferred to the District Court from the Federal Circuit but failing to screen the complaint under 28 U.S.C. § 1915(e)). Nonetheless, the Court has preliminarily reviewed the Petition for Review and finds that it is not subject to dismissal after screening. The Federal Circuit already determined that "jurisdiction to review the Board's decision lies in district court." (Doc. 1-2 at 63.) Accordingly, the Court will proceed to the merits of Petitioner's Petition for Review.

In light of this ruling, the Court **ORDERS** Respondent to file a response to the Petition for Review on or before **October 23, 2025**. *See* ORDER, *Jordan v. Department of the Army*, Case No. 1:19-cv-349(LMB/IDD) (E.D. Va. April 8, 2019) ("[I]t is hereby ORDERED that respondent file a response to [the] petition … ."). Petitioner may file a reply brief not to exceed 10 pages on or before **November 6, 2025**.

The Court also **ORDERS** the Clerk of the Court to send copies of this Order to (1) Petitioner, (2) Respondent's counsel of record, and (3) Delisa Sanchez, Trial Attorney, United States Department of Justice, Commercial Litigation Branch, Civil Division, PO

Box 480, Ben Franklin Station, Washington, DC 20044.  (*See* Doc. 1 at 2 (naming Ms. Sanchez as counsel for Respondent for all proceedings before the Federal Circuit).)

**IT IS SO ORDERED**.

DATE:  September 2, 2025

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE