# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY LEE,<br><br>                Petitioner,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>                Respondent. | Case No.: 3:24-cv-01492-RBM-DDL<br><br>**ORDER**<br><br>**(1) GRANTING PETITIONER'S MOTION FOR LEAVE TO ELECTRONICALLY FILE DOCUMENTS [Doc. 5]**<br><br>**(2) GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION TO VACATE BRIEFING SCHEDULE [Doc. 4]** |

    Pending before the Court are *pro se* Petitioner Danny Lee's ("Petitioner") Motion for Leave to Electronically File Documents ("E-File Motion") (Doc. 5 at 1); Respondent Social Security Administration's ("Respondent") Notice and Objection as to Failure of Service and Request to Vacate Order Setting Briefing Schedule (construed as a "Motion to Vacate Briefing Schedule") (Doc. 4); and Petitioner's Objection to Failure of Service Request to Combine Other Filings ("Response to Motion to Vacate Briefing Schedule") (Doc. 5 at 2–60.)  For the reasons set forth below, Petitioner's E-File Motion is **<u>GRANTED</u>** and Respondent's Motion to Vacate Briefing Schedule is **<u>GRANTED IN PART AND DENIED IN PART</u>**.

## I. BACKGROUND

On April 22, 2024, Petitioner filed a Petition for Review of a final order of the Merit System Protection Board[1] (the "Board") with the United States Court of Appeals for the Federal Circuit ("Federal Circuit"). (Doc. 1 at 9 [Petition for Review]; *see also* Doc. 1 at 10–26 [Final Order of the Merit Systems Protection Board].)

On August 21, 2024, the Federal Circuit transferred his Petition to this Court. (Doc. 1-2 at 62–63 ["Transfer Order"].) Included with the transfer was Petitioner's Motion and Declaration for Leave to Proceed in Forma Pauperis ("IFP Motion") filed before the Federal Circuit. (Doc. 2.) On September 2, 2025, this Court granted the IFP Motion, screened the Petition pursuant to 28 U.S.C. § 1915(e), and found it was not subject to dismissal after screening. (Doc. 3.) The Court also ordered Respondent to file a response to the Petition on or before October 23, 2025, and authorized Petitioner to file a reply brief not to exceed 10 pages on or before November 6, 2025. (*Id.* at 1–5.)

## II. PETITIONER'S E-FILE MOTION

In his E-File Motion, Petitioner asks "the Court for permission to participate in electronic filing ("e-filing") in this case." (Doc. 5 at 1.) Petitioner represents that he has reviewed the rules and policies included in the Court's Electronic Case Filing Administrative Policies and Procedures Manual. (*Id.*) He also represents that he has access to a computer and the internet and will register as a user with the Clerk's Office and as a subscriber to PACER. (*Id.*) Petitioner consents to electronic service at dannydlee@yahoo.com and understands that "if [his] use of the Court's e-filing system is unsatisfactory, [his] e-filing privileges for this case may be revoked." (*Id.*)

"Unless otherwise authorized by the [C]ourt, all documents submitted for filing to the Clerk's Office by parties appearing without an attorney must be in legible, paper form."

---

[1] "Congress created the Merit Systems Protection Board … to review certain serious personnel actions against federal employees." *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 422 (2017).

1  CM/ECF Manual, § 2(b) (S.D. Cal. Jan. 22, 2025). "A pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies in the [CM/ECF Manual]." (*Id.*) Petitioner has met these requirements. Accordingly, Petitioner's E-File Motion (Doc. 5 at 1) is **GRANTED**.

### III.   RESPONDENT'S MOTION TO VACATE BRIEFING SCHEDULE

#### A.   Service

Respondent "requests that the Court vacate its Order Setting Briefing Schedule which directs [Petitioner] to file a response by October 23, 2025." (Doc. 4 at 2.) Respondent argues that the response deadline should be vacated because Petitioner "has failed to perfect service and the time for [Respondent] to respond has not yet begun." (*Id.* at 3.)

As Respondent notes, Federal Rule of Civil Procedure ("Rule") 4(i):

> sets out specific requirements that a plaintiff must fulfill when serving a federal employee or federal agency with a lawsuit. The rule requires that a plaintiff serve the United States, and also send a copy of the summons and complaint by registered or certified mail to the relevant agency. In order to serve the United States, a plaintiff must deliver a copy of the summons and complaint to the U.S. Attorney for the district where the action is brought, and send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.

(*Id.* at 2) (citing Fed. R. Civ. P. 4(i)(1)–(2).)

Here, the Court previously ordered (Doc. 3 at 4–5) the Clerk of Court to send copies of its previous Order to: (1) Petitioner; (2) Respondent's counsel of record; and (3) Delisa Sanchez, Trial Attorney, United States Department of Justice, Commercial Litigation Branch, Civil Division, PO Box 480, Ben Franklin Station, Washington, DC 20044. However, Respondent is correct that they have not been properly served pursuant to the requirements of Rule 4(i). *See also Kennedy v. Phillips*, No. C11-1231 MJP, 2012 WL 261612, at *4 (W.D. Wash. Jan. 30, 2012) (noting transfer of a case is appropriate under 28 U.S.C. § 1631 if the "defendant [is] subject to personal jurisdiction and [is] *amenable*

*to service of process in that district*") (emphasis added) (citing *Shapiro v. Bonanza Hotel Co.,* 185 F.2d 777, 780 (9th Cir. 1950)).

As Petitioner notes in his Response to Motion to Vacate Briefing Schedule, Rule 4(i)(4) requires the Court to "allow a party a reasonable time to cure its failure to (A) serve a person required to be served under Rule 4(i)(2)." (Doc. 5 at 3–4) (citing Fed. R. Civ. P. 4(i)(4).) Accordingly, the Court **ORDERS** Petitioner to effect service of the summons (Doc. 6) and Petition (Doc. 1) on Respondent in line with the procedures described below and pursuant to the requirements of Rule 4(i) on or before **November 21, 2025**.

**B.    Stay**

Pursuant to General Order 766, "[t]o preserve the status quo until restoration of funding, all civil cases within the Southern District of California, except for civil immigration habeas corpus petitions under 28 U.S.C. § 2241, wherein the United States or an agency . . . of the United States is a party are stayed." *In the Matter of the Federal Lapse in Appropriations*, Case No. 25-mc-1937, ECF No. 2 ¶ 7 (S.D. Cal. Oct. 7, 2025)[2]. The General Order "does not prohibit, in any manner, the ability of parties to file claims or commence actions against the United States. However, . . . deadlines, response dates, due dates or cut-off dates in such cases [shall] be extended for a period commensurate with the lapse in appropriations." (*Id.* ¶ 10.)

Because this case has been stayed pursuant to General Order 766, the October 23, 2025 response deadline and the November 6, 2025 reply deadline are **CONTINUED** until "the lapse in appropriations has ended and funding has been restored." (*Id.* ¶ 8.) "The United States Attorney's Office shall notify the Court when Congress restores appropriations to the Department of Justice." (*Id.* ¶ 11.) After that happens, the Court will reset the response and reply deadlines. The Motion to Vacate Briefing Schedule

---

[2]    The General Order is available on the Court's website at https://www.casd.uscourts.gov/rules/general-orders.aspx.

is therefore **GRANTED IN PART AND DENIED IN PART**.  Respondent's request to vacate the briefing schedule is **DENIED**.  However, due to the stay pursuant to General Order 766, the response and reply deadlines are **CONTINUED** until after the stay is lifted.

## IV.   CONCLUSION

For the foregoing reasons, the Court **ORDERS**:

1. Petitioner's E-File Motion (Doc. 5) is **GRANTED**.
2. Respondent's Motion to Vacate Briefing Schedule (Doc. 4) is **GRANTED IN PART AND DENIED IN PART**.  Petitioner shall serve the summons and Petition on Respondent on or before **November 21, 2025**.
3. The Court will reset the response and reply deadlines after the stay pursuant to General Order 766 is lifted.
4. So that Petitioner may effect service upon (1) the U.S. Attorney for the Southern District of California; (2) the Attorney General of the United States; and (3) the Social Security Administration, the Clerk's Office is **DIRECTED** to send to Petitioner three blank U.S. Marshal Forms 285.  The Clerk's Office will also provide Petitioner with three certified copies of this Order, three certified copies of his Petition, and three copies of the summons so that he may serve Respondent pursuant to Rule 4(i).  Upon receipt of this "IFP Package," Petitioner must complete the U.S. Marshal Forms 285 as completely and accurately as possible and return them to the U.S. Marshal according to the instructions the Clerk's Office provides.
5. The U.S. Marshal **SHALL SERVE** a copy of the Petition (Doc. 1) and summons (Doc. 6) upon the three individuals above at the addresses provided by Petitioner on the U.S. Marshal Forms 285, and file an executed waiver of personal service upon Respondent Social Security Administration with the Clerk of Court as soon as possible after its return.  Should Respondent fail to return the U.S. Marshal's request for waiver of personal service within 90 days, the U.S. Marshal must instead file the completed Form USM 285 Process Receipt and Return with the Clerk of Court, include the date the summons, Petition, and request for waiver was mailed to

Respondent, and indicate why service remains unexecuted. All costs of service will be advanced by the United States; however, if Respondent is located within the United States, and fails without good cause to sign and return the waiver requested by the Marshal on Petitioner's behalf, the Court will impose upon Respondent any expenses later incurred in making personal service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

6. Respondent, once served, **SHALL REPLY** to the Petition within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).

7. Petitioner, after service has been effected by the U.S. Marshal, **SHALL SERVE** upon Respondent, or if appearance has been entered by counsel, upon Respondent's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Federal Rule of Civil Procedure 5(b). Petitioner must include with every original document he seeks to file with the Clerk of the Court a certificate stating the manner in which a true and correct copy of that document was served on Respondent or its counsel, and the date of that service. *See* S.D. Cal. Civ. R. 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon Respondent or its counsel may be disregarded.

**IT IS SO ORDERED**.

DATE: October 28, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE