Danny Lee
14105 Willow Ranch Road
Poway, CA 92064
Tel: (917) 455-6300
dannydlee@yahoo.com

Plaintiff Pro Se



FILED

OCT 2 8 2025

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Danny Lee,

Plaintiff,

v.

Frank Bisignano, Commissioner of
Social Security Administration,

Defendant(s)

|Civil Action No: 24-CV-01492-RBM-DDL

| **COMPLAINT**

**I.      RELATED CASES**

a.  Do you have other Civil Cases(s) in this or any other federal court?
X Yes  _No

b.  If yes, please list the case numbers here:
25CV2774AGSVET

**II.      STATEMENT OF CLAIMS** (Briefly state the facts of your case. Describe how each defendant is involved, and tell what each defendant did to you that caused you to file this suit against them. Include names of any other persons involved, dates, and places.)

**Facts of the case**

I was given a proposed termination by Daniel VanGrol on 7/27/18 and appealed as instructed. The proposed termination signed contract stated to contact Joyee Lam if I had any questions. I left numerous messages with his answering machine and spoke with Nelson Arcilla at SSA who instructed me to appeal with the MSPB. I was not given a hearing at MSPB and the case was transferred to your court by the Federal Court of Appeals.

I was harassed by my employer, Social Security Administration. I will explain in detail by the timeline provided. The harassment included

suspensions and proposed termination for attempting to alert management of the misprocessing of hearings affecting the public. Some examples are denying claimants a right to hearing and destruction of evidence for claimants by co-worker and violations of PII by management.

I was denied reasonable accommodations by my employer, Social Security Administration.

I was denied leave by my employer, Social Security Administration. I was denied leave for surgery, after losing my home and car from Hurricane Sandy, leave to be transferred from New York to San Diego. My supervisor also gave me a signed contract stating I would be placed on administrative leave but has since ignored me and my appeal.

I was wrongfully suspended by my employer, Social Security Administration.

I was denied leave under Family Medical Leave Act despite providing forms and notes from doctors and suspended for doing so.

I worked overtime but not paid overtime by my employer, Social Security Administration.

I was denied union rep by my employer, Social Security Administration, which is a violation of Weingarten Rights. I was suspended for attempting to get a union rep.

I was given a proposed termination which stated I would be in administrative leave and appealed as instructed and have not received pay by my employer, Social Security Administation. SSA is in breach of contract.

I was given unfair workloads.

I was retaliated for whistleblowing.

I was retaliated for being a witness to co-workers.

I was physically and mentally harmed by my supervisors/ssa lawyers.

SSA illegally deleted evidence and emails for pending lawsuits.

SSA lawyers lied in affidavits.

SSA managers denied claimants a right to hearing despite paying taxes and being insured under title 2.

SSA lawyers performed obstruction of justice by providing false contacts, false instructions, lied in affidavits, unreasonable delays, and destroy evidence.

SSA denied requested evidence under Freedom of Information Act and gave me right to file a complaint.

## Description of defendants involved and what they did

9/08/09 Danny Lee, was hired under schedule A for disability as Case Intake Technician by Social Security Administration ODAR at 111 Livingston Street, Brooklyn, New York. I provided medical documentation from VESID (New York State Vocational Services for Disabled) and medical proof for pending disability application/appeal. I

was hired by Michael Polvino and he was my supervisor and Hearing Office Director.

9/25/09 I requested reasonable accommodations via email to supervisor. Michael Polvino assigned electronic caseload due to inability to lift paper files without being in pain.

1/21/09 I had hip surgery to remove pins from my hip. Supplied medical proof which was ignored.

2/9/10 I sent email saying I had hip surgery.

4/?/10 Lonnie Phillips became Hearing Office Director and remained on electronic case load.

?/?/10 I overheard manager, Michelle Hacker, threaten co-worker, William Beckman, saying, "that's it, you're out of here" when submitting a leave slip for attempting to go to hospital to see his daughter. He was suspended for doing so and risked termination. I provided testimony to Cindy Berger, SSA AFGE rep.

?/?/10 I overheard co-worker, Joey Johnson, get upset over being denied leave to see his mother before she died. He returned to work the next day and was suspended and was upset but did not threaten anyone nor even say the word gun. I provided witness testimony to Cindy Berger, SSA AFGE rep. He was harassed and got ulcers and wrongfully terminated and died of stroke.

5/07/10 I was denied advanced sick leave

5/10/10 I was denied advanced sick leave

5/11/10 I requested clarification on advanced sick leave to Lonnie Phillips.

6/01/10 I emailed Lonnie Phillips reasonable accommodations request

06/09/10 was assigned 12 large paper cases to exhibit by Michelle Hacker. The expected is usually 4-5 and work has never been assigned by a group supervisor in the past and my supervisor is the Hearing Office Director. When I informed my supervisor, Lonnie Phillips, he then assigned to retrieve over 100 paper files from the file cabinets and deliver them to employees within the office.

06/11/10 I provided a note from orthopedic surgeon, Roy Davidovich MD, stating he recommended core decompression and bone graft, It

stated not to do manual labor, heavy lifting, stand only a limited amount of time to Lonnie Phillips.

6/24/10 Lonnie Phillips said since I was hired under schedule A, I am not allowed advanced sick leave. Disabled schedule A employees have to serve 2 year probation thus ineligible for advanced leave and leave without pay whereas non disabled employees only had to serve 1 year of probation and eligible for leave for surgery.

06/30/10 I requested reasonable accommodations of disabled parking to Lonnie Phillips

07/29/10 Submitted written request for reasonable accommodations after receiving the form from Lonnie Phillips. Request included to remain on electronic case load due to pain processing paper cases. Requests also included hard surface for chair to roll on and printer for desk. These were needed to perform the job. A printer is needed for EDCS exclusions, making barcodes for mail, coversheets, and sending correspondence. The hard surface was needed since moving from different sections of cubicle and to printer with carpet resistance was causing my hip to be in more pain.

08/02/10 Lonnie Phillips directed me to change desks to a broken desk in a high traffic area farther away from the mail room, scanner, and printer. When I asked why he stated it was management's decision.

08/03/10 Dr. Davidovich provided another letter to Lonnie Phillips and it stated Danny Lee should not continuously get up and down from his chair.

08/25/10 I was moved to another desk but the printer on the desk was removed.

09/22/10 I received an old printer without toner

10/07/10 I received an email from EEO Counselor and SSA employee Marilyn Goldman to withdraw NY-10-0980 since reasonable accommodations were verbally approved. She stated in email the coercion to withdraw will not affect right to refile the complaint.

05/13/11 I requested reasonable accommodations again to Lonnie Phillips via email and requested disabled parking

05/31/11 I requested toner for printer

06/22/11 I was given all the paper files from the expanded service area and gave direct orders by Lonnie Phillips to file them in the cabinets before being entered into the system. I was then called into Lonnie Phillips office and told to explain my exact limitations and how much I can lift. I explained I was in pain and despite telling him over and over with doctor's notes, he continued to harass and harm me.

06/27/11 I requested toner for printer

06/28/11 Lonnie Phillips refused to assist with putting paper files in the cabinets. I explained that Charles told me he was only instructed to push the cart and not to place in cabinets nor lift files.

06/30/11 I sent email requesting when and if disabled parking is available to Lonnie Phillips.

07/07/2011 I sent email to Lonnie Phillips that I will supply evidence of disabled parking

07/11/11 Lonnie Phillips denies union rep and forces reasonable accommodations meeting

08/25/11 Ruth Curtis, regional attorney, called and asked if I had additional medical evidence from leaving work on 8/4/11. I explained I went to the doctor on 8/5/11. I explained NYC disabled parking doctor does not provide a copy of their evaluation to the patient. I explained my condition. I explained I would submit whatever documentation NYC disabled parking provides once it arrives. I provided a copy of what I received and faxed it to Ruth Curtis. The documents were ignored but later provided as exhibits in the EEO hearing. Additional medical that was not provided to me such as the approval of Dr. Hexter was not provided until the hearing as an exhibit.

10/04/11 I supplied more medical evidence to Lonnie Phillips

12/07/11 Lonnie Phillips approached me asking what is going on with the paper files in the mail room. I told him that I was on electronic case load.

12/08/11 Lonnie Phillips had a meeting in the office farthest away from my desk. He had 3 mail bins filled with paper cases. He directed me to start doing paper cases and directed me to bring them back to my desk. I explained that this was a violation of reasonable accommodations and that everyone in the meeting would be a witness. At the end of the meeting he told me again to lift the 3 crates of files and I refused and reminded him of the beginning of the meeting where I said everyone

would be a witness to this violation and walked out. Anita Merchant and Lonnie Phillips then carried the crates of paper cases and placed them on my desk. Kim Myers, the other Case Intake Technician, was not given any of the paper files.

12/21/11 I submitted another Dr. note dated 12-20-11 from Dr. Alejandro Gonzalez Della Valle MD which specified not to do heavy lifting or pulling. He should be assigned a more sedentary job. Submitted Dr. note dated 12/16/11 from Dr. Chenzhong Fu MD describing avascular necrosis and explaining I should not be lifting greater than 5lbs or be standing longer than 1 hour continuously or 2 hours total in a day and to avoid frequent carrying of objects greater than 5lbs in a day.

12/22/11 I received email from Lonnie Phillips to receipt in 20 paper cases in one day. This is an impossible task and against AFGE and SSA policy to give impossible deadline and ignore doctor's notes. I was in pain after and damaged my hip further.

02/02/12 Mayra Cordero has meeting with Cindy Berger present. She stated to give medical to union rep. I gave medical to union rep, Cindy Berger. Mayra Cordero stated I cannot leave work early due to hip pain.

02/02/12 I sent email to Mayra Cordero requesting she put her request for additional medical evidence in writing and cause for it. Also requested a copy of medical evidence the agency already has.

02/03/12 Mayra Cordero denies reasonable accommodations. She said I did not submit the medical evidence to union rep which I did and have proof via email. She did not provide a copy of the medical evidence she had in her possession. She said it was at the regional office. I asked how she could make a medical determination without the medical evidence present. She did not have an answer and said it takes a while to order the medical.

04/04/12 Thomas Roberts was new acting hearing office director and sent email summarizing the meeting held at 11am with ALJ Chu. He said since the elevators get stuck that there would be leniency towards being late.

04/11/12 I sent email to Anita Merchant, Hearing Office Management Team, Cindy Berger that I am unable to retrieve paper files due to hip and back pain.

01/09/13 I submitted request for annual leave but given AWOL

03/19/13 I sent email time records is wrong

03/21/13 I sent email time records is wrong

03/25/13 I sent email time records is wrong

04/08/13 I sent email to Yvana showing proof of approved sick leave that is not showing up on timesheet.

04/10/13 sent email to Jaimie Hanlon and Yvanna that the time records are wrong.

04/11/13 I sent email time records is wrong

04/15/13 I was considered late due to elevators being overcrowded and trying to reach a live supervisor.

04/16/13 I sent AFGE article 31 section 1, section 3 to Jaimie Hanlon as well as reference email to the meeting that was held on 04/04/12 in which Hearing Office Director and Chief Judge Chu stated due to elevators malfunctioning and overcrowded, tardiness would be excused.

04/17/13 I sent amended leave slip for annual leave 12/24/12 to 01/02/13. I sent prior approved leave slip for religious credit leave slip that was used since there was no Hurricane Sandy policy implemented at the time and was told to use religious credit.

04/22/13 I sent email time records is wrong

04/23/13 I sent email time records is wrong

04/24/13 Jaimie Hanlon forced me to enter cases incorrectly which was against my national training

05/13/13 I sent email time records is wrong

07/09/13 I sent email to Jaimie Hanlon time records are incorrect

07/10/13 I sent email to Mayra Cordero that time balances be corrected

07/16/13 I sent email to Jaimie Hanlon that time records are incorrect

07/22/13 I sent email time records is incorrect

07/26/13 I sent email time records are wrong and proof of approved leave slips for 7/9/13 and 7/24/13.

08/02/13 I received email from Althea Phipps stating she agreed balances are incorrect.

08/13/13 I sent email to Althea Phipps about the time records.

08/26/13 I sent email to Thomas Harper requesting hardship transfer due to management forcing me to go against my training.

10/11/13 I signed out at 6:01 and told to falsify time records to reflect 6:00.

10/21/13 I did not receive credit for the time worked

10/22/13 I did not receive credit for the time worked

10/29/13 I was falsely given AWOL

10/30/13 I was falsely given AWOL

10/31/13 I sent email religious comp on 10/22/13 was not showing on time records

11/29/13 I requested credit be applied but was given AWOL

12/03/13 I sent proof I had to use advanced annual leave since SSA delayed implementation of 5 USC 6391 Hurricane Sandy Leave.

11/04/13 I sent email violation of AFGE contract article 10 section 3 part B and copies of email requesting time be corrected.

07/12/13 I sent email to WebTA time records and also tried to correct the situation on 3/19/13, 3/21/13, 3/25/13, 4/8/13, 4/10/13, 4/11/13, 4/22/13, 4/23/13, 5/13/13, 6/3/13, 6/5/13, 6/10/13, 7/09/13, 7/11/13, and 7/12/13.

07/12/13 I sent proof of approved leave for 7/2/13, 7/3/13 that is marked AWOL on WebTA to Yvanna.

01/10/14 sent email Webta time records is wrong

01/29/14 I received email that since over 80 hours of advanced annual being used, I was receiving AWOL.

02/10/14 I received an email stating I was getting charged AWOL for trying to deal with Hurricane Sandy. I lost my apartment and car to the hurricane and had no heat and no power and no transportation.

04/08/14 I had a dental emergency due to cracked tooth from the harassment and stress from management. I was charged AWOL.

04/09/14 I had emergency dental surgery and charged AWOL

04/10/14 I was still in pain and charged AWOL

04/17/14 I explained my surgery to Dean Syrjanen who was assigned supervisor under Jaimie Hanlon.

04/21/14 I received an email from Dean Syrjanen that I was getting AWOL for April 8-10 because of my cracked molar and emergency surgery. I supplied medical evidence but ignored. I supplied EAP counselor note stating management preventing me from doing my job has caused stress where I grind my teeth and cracked them.

04/22/14 Dean Syrjanen denies leave and requires letter to come back to work. Multiple documents were submitted to SSA and ignored.

04/22/14 Dean sent an email for meeting about management making things up that I supposedly said but didn't and stating they were listening to my phone calls with doctors. I did not call anyone a moron. Jaimie Hanlon lied and said she was listening to my phone calls with my doctors. I sent an email requesting transfer out of the hostile work environment. I filed harassment reports against Jaimie Hanlon for preventing me from doing my job and denying claimants a right to hearing.

04/22/14 I sent an amended leave slip to Dean Syrjanen to amend religious comp for hurricane Sandy to administrative leave. I was told by Cindy Berger to use religious credit.

04/23/14 I sent 5 USC 6391 to Dean showing violations in time during disaster

I was awarded a performance award when management thought EEO complaint was over.

I had a meeting with Jaimie Hanlon stating I had no reasonable accommodations and that I lost my EEO case. Cindy Berger was present as witness and AFGE rep and told me in the hallway after that if I filed another EEO that I would become receptionist. The security guard in the hallway witnessed her yelling at me and he was then fired the next day.

3/05/15 I sent email to Jaimie Hanlon that I am unable to do receptionist and Queens cases and mail. Queens cases and receptionist was not part of the position description and was not done prior.

04/07/15 I sent a hardship transfer request

04/09/15 I sent email requesting hard surface for the ground at the receptionist area as a reasonable accommodation. Prior request for hard surface to roll chair on to prevent further hip pain and damage was ignored by SSA when submitted on 7/29/10.

04/09/15 I sent an email to other offices assigned that I cannot complete the 4x more work than co-worker due to being demoted to receptionist

04/20/15 I was assigned receptionist without reasonable accommodations

04/22/15 I sent an email requesting transfer out of the hostile work environment

04/23/15 I received an email from Kian Santiago assigning me to receptionist.

04/29/15 I received an email from Kian Santiago assigning me to receptionist.

04/29/15 I sent an email to Jaimie Hanlon disputing "other duties", and sent email to Julia Penalver, SSA AFGE rep. Emailed Julia Penalver (aka Julia Ford) and Leo Haar that I wanted to file a grievance.

05/05/15 I was told by Jaimie Hanlon, that there is no record of reasonable accommodations requests and medical I have submitted. Jaimie Hanlon stated SSA only held medical records for 2 years. I told her to look at the exhibits and that it should be retained due to litigation.

05/05/15 I emailed Julia Penalver, SSA AFGE rep, that Jaimie Hanlon's instructions made my job impossible.

05/06/15 I sent an email to Jaimie Hanlon and cc'd ^DCHR OPE CDS stating reasonable accommodations website does not work. I provided a screenshot of the screen proving it doesn't work.

05/20/15 I received email from Emilio Justiniano directing me to cover receptionist and all required duties. I was given instructions via email to call management.

05/20/15 I sent an email informing management of the clipboard not being returned while covering the receptionist. I was unable to call management due to the restrictions given by Emilio Justiniano and therefore had no alternative but to email. I submitted email proof and ignored and suspended.

05/20/15 Emilio Justiniano gives me a stack of mail to put in bins while at receptionist. Emilio Justiniano then commited perjury by falsely stating that I threw the mail towards him. I did not throw the mail at him. He directed me where to put the mail once he handed it to me and knew of my disability. Suspension was given due to his false testimony which lead to proposed termination and removal from telework.

05/20/15 I explained to Emilio Justiniano that his union contract specifically states what "other duties" can and cannot be and he lied accusing me of telling him to become the receptionist. Per his contract – Page 31 on the documents per Article 13 section 5 *"The phrase "other duties as assigned" does not relate to duties normally assigned to a position, but rather is meant to include tasks of an incidental, infrequent, or emergency nature, which it is impractical to include in the narrative position of the job description."*

05/22/15 I was denied witness and union rep and foced into a meeting with Jaimie Hanlon. She stated the medical evidence is too old. I explained the evidence provided said permanent.

06/15/15 I was assigned to receptionist

06/24/15 I requested disabled parking status, toner for printer

06/25/15 I sent email for help transfer out of office. Sent email requesting harassment to end.

06/25/15 received email from Chrystal Johnson at SSA who took the complaint.

07/01/15 I received a letter from Dept of Interior stating time is incorrect and pay deductions options

07/09/15 I received email assigning me to receptionist

07/10/15 I received email assigning me to receptionist

07/14/15 I received email to do receptionist from Kian Santiago. I sent email stating what is prohibited harassment as well as job description.

07/18/15 I sent email to Steve Conte, Frank Cristaudo, Dan Callahan stating despite requesting reasonable accommodations, no written approval and only denials for over 5 years.

07/24/15 I sent an email explaining SSA prohibited harassment to Jaimie Hanlon.

08/06/15 I received an email from Kian Santiago assigning me to receptionist.

08/13/15 I received email from Jaimie Hanlon to cover receptionist and to do as lead case techs work assignments.

08/13/15 I received email from DCHR.OPE.DST.WEBMAIL@ssa.gov denying reasonable accommodations.

08/13/15 I was called into a meeting with Jaimie Hanlon and was denied union rep and denied witness. I was harassed again to be receptionist. This is a violation of Weingarten Rights. I was given instructions by AFGE union rep Cindy Berger telling me to walk out if denied union rep due to Weingarten Rights. I provided proof of this email and was suspended by James Kearns.

08/14/15 I received email from Jaimie Hanlon to cover receptionist.

08/14/15 I sent an email to Doug France at SSA requesting to stop the torture of being assigned physical duties at receptionist that further damage my hip and causes pain.

08/20/15 I received email from Jaimie Hanlon that I am to do receptionist.

10/2/15 I sent email to ^seesomethingsaysomething@ssa.gov stating that Jaimie Hanlon is preventing me from doing my job and requesting transfer out of the hostile work environment.

11/02/15 I received a verbal PACS discussion in which made my job impossible to perform and false allegations. The review contained statements of receptionist which is not in job description. I stated I was going to submit a hardship transfer again.

11/10/15 I received a proposed suspension from Jaimie Hanlon. I appealed and provided proof and exhibits and was ignored.