ADAM GORDON
United States Attorney
STEPHANIE SOTOMAYOR, Ill. Bar No. 63259877
LESLIE M. GARDNER. Cal. Bar No. 228693
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel: (619) 546-9590/7603
Fax: (619) 546-7751
stephanie.sotomayor@usdoj.gov
leslie.gardner2@usdoj.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY LEE,<br><br>              Plaintiff,<br><br>       v.<br><br>FRANK BISIGNANO, Commissioner of Social Security Administration,<br><br>              Defendant. | Case No.: 24-CV-01492-RBM-DDL<br><br>**MOTION TO DISMISS**<br><br>Date: March 9, 2026<br>Judge: Hon. Ruth Bermudez Montenegro<br><br>**NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** |

**MOTION TO DISMISS**

Defendant Frank Bisignano, in his official capacity as Commissioner of the United States Social Security Administration, moves to dismiss Plaintiff Danny Lee's First Amended Complaint for failure to comply with Federal Rule of Civil Procedure 8, failure to timely seek review of the underlying appeal, *res judicata*, failure to state a claim, and failure to timely assert allegations of denied accommodation requests. This motion is based on the following memorandum of points and authorities and all pleadings and filings in this action.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff began working at the Social Security Administration's Brooklyn Hearing Office in September 2009. He transferred to the San Diego Hearing Office in May 2016. In response to a Notice of Proposed Removal, Plaintiff resigned from the Social Security Administration's San Diego Hearing Office on July 27, 2018. On August 31, 2018, Plaintiff filed a mixed-case appeal with the Merit Systems Protection Board ("MSPB") alleging that he was constructively discharged due to harassment, including allegations of discrimination based on disability. On August 9, 2019, the MSPB dismissed Plaintiff's appeal for lack of jurisdiction, stating that he voluntarily resigned and thus had not alleged an action appealable to the MSPB. The MSPB issued its Final Order on February 23, 2024.

Plaintiff sought review of the MSPB's Final Order in the United States Court of Appeals for the Federal Circuit on April 22, 2024. After determining that it lacked jurisdiction, the Federal Circuit transferred Plaintiff's petition to this Court on August 21, 2024, along with his Motion to Proceed *In Forma Pauperis* ("IFP"). ECF No. 1. On

///

///

///

October 28, 2025, Plaintiff filed a Complaint ("First Amended Complaint" or "FAC")[1]. ECF No. 9.

## II.   DISCUSSION

### A. PLAINTIFF FAILED TO TIMELY SEEK JUDICIAL REVIEW OF HIS APPEAL TO THE MSPB

Plaintiff attempted to file a mixed-case appeal with the Merit Systems Protection Board ("MSPB") on August 31, 2018. A mixed case appeal is an appeal filed with the MSPB alleging that an adverse action was effected because of discrimination on the basis of race, color, religion, sex, national origin, disability, or age. *See* 5 U.S.C. § 7702(a)(1(B); 5 C.F.R. § 1201.151(a)(2); 29 C.F.R. § 1614.302(a)(2). Specifically, Plaintiff alleged that he was constructively discharged from his position due to harassment that included the denial of his requests for reasonable accommodations.

However, the MSPB's jurisdiction is limited to matters granted specifically by statute or regulation. Section 7513(d) of Title 5 of the United States Code grants the Board jurisdiction to hear appeals over certain enumerated adverse actions taken by an agency against an employee. The enumerated adverse actions are: (1) removal; (2) suspension for more than 14 days; (3) reduction in grade; (4) reduction in pay; and (5) furlough of 30 days or less. *See* 5 U.S.C. § 7512 (2000).

Here, the MSPB administrative judge issued an Initial Decision stating that Plaintiff had failed to establish the MSPB's jurisdiction over his claim because he had voluntarily resigned. Plaintiff sought review by the full board which, on February 23, 2024, issued a Final Order affirming the MSPB's lack of jurisdiction.

The MSPB's Final Order included a section spelling out Plaintiff's Appeal Rights. It clearly states that judicial review of cases involving a claim of discrimination is obtained "by filing a civil action with an appropriate U.S. district court (not the U.S.

---

[1] Plaintiff initiated this case with his Petition for Review, which the Court subjected to screening pursuant to 28 U.S.C. § 1915(e) in connection with his request to proceed IFP. Plaintiff's October 25, 2025 Complaint is, therefore, his First Amended Complaint, superseding Plaintiff's Petition for Review.

*Motion to Dismiss*                    2                    24-CV-01492-RBM-DDL

Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision." MSPB Final Order at p. 14 (ECF No. 1 at p. 23) (parenthetical statement and emphasis in original). *See* also 5 U.S.C. § 7703(b)(2) ("[A]ny such case…must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action…."); *Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). Plaintiff, however, waited until April 22, 2024, and filed instead in the Federal Circuit despite the express direction not to do so. The Federal Circuit then transferred Plaintiff's Complaint to this Court on August 21, 2024, several months after his deadline. Accordingly, even if Plaintiff is given credit for the date he filed in the Federal Circuit rather than in this Court, Plaintiff's initial Complaint is still untimely. His first attempt to seek judicial review from any forum was well in excess of 30 days after the MSPB's Final Order. Plaintiff's FAC, therefore, should be dismissed because it is untimely.

## B. PLAINTIFF'S FIRST AMENDED COMPLAINT FAILS TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 8

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Accordingly, a complaint may be dismissed under Rule 8 where it is so confusing or ambiguous that its "true substance, if any, is well disguised." *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (internal quotation marks omitted) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)). Though pro se complaints are "liberally construed," such complaints must still contain some semblance of a statement of a claim upon which relief can be granted. Fed. R. Civ. P. 8(a), (e); *Johnson v. Reagan*, 524 F.2d 1123, 1124 (9th Cir. 1975); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Courts may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

The pleading standard under Rule 8 ensures that defendants are given "fair notice

of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atl. Corp.*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)). A complaint "written . . . without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996). Without this standard, "Defendants are . . . put at risk that . . . plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all." *Id.* at 1179–80.

Plaintiff's FAC fails, among other deficiencies, to coherently identify the claim or claims he is attempting to pursue; fails to identify which alleged facts support which claim(s); and fails to specify the relief he seeks for any such claims. He references a proposed termination and appeal to the MSPB but then launches into a laundry list of conclusory grievances followed by a timeline of events, the most recent of which is 2015. At first it appears Plaintiff might be pursuing a failure to accommodate claim under the Rehabilitation Act, but then Plaintiff references the Family Medical Leave Act, whistleblowing, union representation issues, the Freedom of Information Act, and possible reassignment to a receptionist position. The FAC does not give Defendant fair notice of what Plaintiff's "claim is nor the grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff's FAC, therefore, must be dismissed for failure to comply with Rule 8.

**C. PLAINTIFF'S CLAIMS ARE BARRED BY RES JUDICATA**

Even if Plaintiff had timely filed (and had complied with Rule 8), his claims are barred by the doctrine of *res judicata*. Res judicata applies when "the earlier suit . . . (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002).

Plaintiff's FAC alleges that he was harassed by his employer and then refers Defendant and this Court to a timeline for the details. FAC at p.1 ("I will explain in detail in the timeline provided."). The timeline stretches from September 2009 to

November 2015, which not only precedes the time Plaintiff was employed in the San Diego Hearing Office, but these claims were adjudicated in his multiple complaints filed in the Southern District of New York in 2015, 2019, and 2022. In fact, the Court's Order dismissing with prejudice the 2019 and 2022 cases states that Plaintiff's claims arising from conduct that took place between April 2011 and April 2014 are barred by res judicata and collateral estoppel because they had already been adjudicated in his 2015 Complaint. *See* Order at p. 12, *Danny Lee v. Andrew Saul, Commissioner of the Social Security Administration*, 19-cv-6553 and 20-cv-2956, consolidated, March 23, 2022 (S.D.N.Y.), attached as Exhibit 1.[2] [3] Plaintiff is attempting not only a second, but a third proverbial bite at the apple. All of the claims stemming from the allegations in Plaintiff's timeline should be dismissed as they have already been adjudicated in Defendant's favor.

### D. PLAINTIFF FAILS TO STATE CLAIMS FOR WHICH RELIEF CAN BE GRANTED

Even assuming, *arguendo*, that Plaintiff's claims survive the defects enumerated above, his FAC should be dismissed for failing to state claims for which relief can be granted. A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires not only 'fair notice of

---

[2] This Court "may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not 'subject to reasonable dispute.'" *Intri-Plex Technologies, Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007); *see also Mack*, 798 F.2d at 1282 ("on a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment").

[3] Plaintiff appealed these dismissals to the Second Circuit Court of Appeals. His appeals were dismissed because they "lack[ed] an arguable basis in either law or in fact." *See Danny D. Lee v. Kilolo Kijakazi, Acting Commissioner of Social Security*, 22-1154 (ECF No. 142) and 22-1246 (ECF No. 120).

the nature of the claim, but also grounds on which the claim rests.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 998-99 (9th Cir. 2013).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when the pleading contains enough facts to raise a reasonable expectation that discovery will reveal evidence of the misconduct alleged. *See id.* at 678. In undertaking this analysis, the court may "draw on its judicial experience and common sense." *Id.* at 679. The plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *See id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotations omitted). While allegations of material fact are taken as true and construed in the light most favorable to the non-moving party, the court need not accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact, or unreasonable inferences. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Consistent with its failure to satisfy Federal Rule of Civil Procedure 8, Plaintiff's Complaint fails to state claims for which relief can be granted. Even if Plaintiff's complaint properly identified the claims he is attempting to bring, he has failed to allege facts sufficient to state any such claims. Construing Plaintiff's FAC as generously as possible based on the procedural posture of the case, Plaintiff attempts to seek review of the MSPB's dismissal of his appeal and of his claim that his alleged constructive discharge was motivated by discrimination.

To establish a constructive discharge claim, Plaintiff must plead that he was subjected to discrimination such that a reasonable person, in his shoes, would feel compelled to resign. *See Green v. Brennan,* 578 U.S. 547, 555 (2016). Discrimination claims before the MSPB are limited to the those alleged to have motivated an appealable personnel action. *See, e.g., Crowe v. Wormuth*, 74 F.4th 1011, 1027 (9th Cir. 2023).

The only such discrimination claim that can be gleaned from Plaintiff's FAC is one pursuant to the Rehabilitation Act for failure to accommodate. Plaintiff, however, fails to support his conclusory claim that he "was denied reasonable accommodation by [his] employer, Social Security Administration." (ECF 9 at p 2.) The only facts plaintiff alleges to support this claim are from 2009 – where the allegation appears to indicate that he received the requested accommodation – through 2015, all of which were or could have been alleged in his previous complaints in the Southern District of New York. *See* Section C, *supra.* Plaintiff's FAC should be dismissed because it fails to state claims for which relief can be granted

## E. PLAINTIFF'S CLAIMS ARE UNTIMELY

Even if Plaintiff hadn't already pursued his discrimination claims in three other district court cases, any claims based on these allegations are untimely. An employee who chooses to pursue his claims before the MSPB must "file an appeal with the Board no later than 30 days after the effective date … of the action being appealed…." 5 C.F.R. §1201.154 (a). Denial of a request for accommodation is a discrete act which, even if related to timely-filed allegations, starts a new clock for filing claims alleging that act. *See Tobin v. Liberty Mut. Ins. Co.,* 553 F.3d 121, 130 (1st Cir. 2009) ("[D]enial of a disabled employee's request for accommodation starts the clock running on the day it occurs….such a denial is a discrete discriminatory act…."); *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("Discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act."). Plaintiff filed his MSPB appeal on August 31, 2018. Any claims based on facts occurring prior to August 1, 2018, therefore, are time-barred.

## III.    CONCLUSION

Plaintiff Danny Lee's First Amended Complaint should be dismissed for failure to comply with Federal Rule of Civil Procedure 8, failure to timely seek review of the

underlying appeal, *res judicata*, failure to state a claim, and failure to timely assert allegations of denied accommodation requests.

DATED:  January 9, 2026                    Respectfully submitted,

                                           ADAM GORDON
                                           United States Attorney

                                           *s/ Leslie M. Gardner*
                                           LESLIE M. GARDNER
                                           Assistant U.S. Attorney
                                           Counsel for Defendant