**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | | Case No: 24-CV-01492-RBM-DDL |
| DANNY LEE, | | |
| (Pro se) | | OBJECTION TO MOTION TO DISMISS |
|        Plaintiff, | | REQUEST TO AMEND COMPLAINT |
| | | AND PARTIAL STAY |
|    v. | | |
| | | |
| FRANK BISIGNANO, COMMISSIONER OF | | |
| SOCIAL SECURITY ADMINISTRATION | | |
|       Defendant, | | |
| _____ | | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS;**

**REQUEST FOR LEAVE TO AMEND AND PARTIAL STAY**

Plaintiff Danny Lee opposes Defendant's Motion to Dismiss. Plaintiff requests denial of dismissal,

or in the alternative leave to amend under Fed. R. Civ. P. 15. Plaintiff also requests a partial stay

to avoid duplication while Plaintiff's EEOC merits case proceeds, while this Court preserves and

adjudicates threshold issues and Plaintiff's non-duplicative due-process/pay claims.

**I. INTRODUCTION AND PROCEDURAL POSTURE**

This case is properly in this Court because the Federal Circuit transferred it here. On August 21,

2024, the Federal Circuit transferred Plaintiff's petition for review to the Southern District of

California under 28 U.S.C. § 1631, stating that because Plaintiff "continues to pursue"

discrimination allegations associated with an MSPB matter, jurisdiction lies in district court

under 5 U.S.C. § 7703(b)(2) and citing Perry v. MSPB, 582 U.S. 420, 437 (2017). **(EXHIBIT 1)**

The clerk confirmed transmission of the docket/filings.

Defendant seeks dismissal on timeliness, Rule 8, res judicata, and failure-to-state-a-claim

grounds but Plaintiff's case centers on a continuing course of disability-based harassment,

retaliation, and procedural violations from 2009 through present, culminating in the July–August 2018 San Diego Proposed Removal, denial of union representation, loss of access to evidence needed to respond, a timely response, and SSA's failure to issue the required decision and honor promised pay status/administrative leave. **(EXHIBIT 2)**

Critically, the Proposed Removal expressly and functionally rests on earlier discipline and "record" matters that Plaintiff appealed, where Plaintiff alleges the Agency ignored exculpatory evidence, relied on false statements/perjury **(EXHIBIT 5),** and destroyed **(EXHIBIT 3)** or withheld emails/evidence **(EXHIBIT 4)** needed to defend himself. At the pleading stage, dismissal is improper; the proper course is preservation, limited jurisdictional/tolling adjudication, and amendment if needed.

## II. GOVERNING STANDARDS

Rule 12(b)(6): The Court accepts well-pleaded facts as true and asks whether the complaint states plausible claims. *Twombly*, 550 U.S. 544; *Iqbal*, 556 U.S. 662.

Rule 8 / pro se: A short and plain statement is required; pro se pleadings are liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972). Hebbe v. Pliler, 627 F.3d 338 (9th Cir. 2010 pro se pleadings construed liberally), Eminence Capital, LLC v Aspeon, Inc, policy favoring amendment

Mixed-case jurisdiction: District court is the proper forum. *Kloeckner v. Solis*, 568 U.S. 41 (2012); *Perry*, 582 U.S. at 437.

Equitable tolling: Available where diligence and extraordinary circumstances/obstruction exist. *Irwin*, 498 U.S. 89; *United States v. Wong*, 575 U.S. 402. Socop-Gonzalez v. INS, 272 F.3d 1176 (9th Cir. 2001) equitable tolling where diligent extraordinary circumstances

Leave to amend: Freely granted when justice requires. Rule 15(a); *Foman v. Davis*, 371 U.S. 178.

Stay: Court may stay for economy/fairness. *Landis v. N. Am. Co.*, 299 U.S. 248.

Continuing hostile work environment: A hostile work environment is a single unlawful employment practice; acts outside the filing period may be considered when at least one act falls within the period. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). Kloeckner v. Solis, 568 U.S. 31 (2012) mixed cases go to district court, including procedural dismissals. Green v. Brennan, 578 U.S. 547 (2016) constructive discharge,

### III. SUPPLEMENTAL LEGAL FRAMEWORK: DUE PROCESS AND THE BACK PAY ACT

### 1. Due Process and Right to Respond (Loudermill)

A public employee is entitled to notice, an explanation of evidence, and a meaningful opportunity to respond. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985). Plaintiff alleges SSA obstructed a meaningful response by cutting off access to evidence/email needed to respond and by failing to issue the required written decision after a timely response. **(EXHIBIT 4, EXHIBIT 2)**

### 2. Involuntary Resignation and Coercion (Covington)

A resignation is involuntary when caused by coercion or misleading information, including misinformation about retirement eligibility. *Covington v. HHS*, 750 F.2d 937, 942 (Fed. Cir. 1984). Plaintiff alleges Daniel VanGrol told him he would not be eligible for disability retirement if fired. Daniel VanGrol changed job against doctor's orders and national procedure which resulted in pain and suffering. Daniel VanGrol permanently removed telework from federal employment with no way to appeal. SSA processed an SF-50 "resignation in lieu of involuntary action" approved 8/15/18 and removal from telework on 7/27/18 **(EXHIBIT 9, EXHIBIT 7).**

### 3. Right to Representation (Weingarten / 5 U.S.C. § 7114)

Federal employees have a statutory right to union representation in an interview reasonably believed to lead to discipline. 5 U.S.C. § 7114(a)(2)(B); *NLRB v. Weingarten*, 420 U.S. 251 (1975). Plaintiff alleges he requested representation at the July 27, 2018 meeting and was denied**. (EXHIBIT 2** email sent to Jeannette Errecart explaining not feeling well and need union rep dated 7/27/18 4:05pm, and email and letter appeal dated 8/15/18**)**

### 4. Back Pay Act (5 U.S.C. § 5596)

The Back Pay Act provides relief where an unjustified personnel action causes withdrawal/reduction of pay. 5 U.S.C. § 5596. Plaintiff alleges SSA failed to maintain promised pay status/administrative leave during the notice period **(Exhibit 2**) and never provided a written decision as stated in the signed contract dated 7/28/18.  SSA also obstructed the pay remedy by failing to provide the OPM-required denial letter. **(EXHIBIT 11)**

### 5. Equitable Tolling and Agency Lulling/Obstruction (Irwin; Wong)

Tolling applies where the complainant was diligent but induced/misled/obstructed. *Irwin*, 498 U.S. at 96; *Wong*, 575 U.S. 402. Plaintiff alleges conflicting appeal instructions, evidence lockout, lack of a required decision, FOIA barriers, and an administrative dead-end on unpaid pay.

### IV. FACTS (2009–PRESENT COURSE OF CONDUCT; 2018 CULMINATION)

Plaintiff's claims arise from a continuing course of disability-based harassment, retaliation, and procedural violations beginning at hire under schedule A for disability on 2009 and continuing through the 2018 Proposed Removal and beyond.

1. 2009–2014: Disability notice; Reasonable Accommodation requests; escalating harassment/leave disputes. Plaintiff was hired under Schedule A and repeatedly requested

accommodations such as leave for hip surgery, electronic caseload and equipment, as well as parking accommodations and leave related to hip disability. Plaintiff also reported time/leave/pay irregularities and AWOL/leave disputes and alleges retaliation for protected activity. **(EXHIBIT 7)**

2. 2015–2016: Retaliatory assignment to receptionist without reasonable accommodations; discipline allegedly based on false narratives**.** Plaintiff alleges he was assigned receptionist duties outside his position in retaliation, denied accommodations, and disciplined after requesting union representation (Weingarten), including suspensions. **(EXHIBIT 5)**

3. Evidence destruction/withholding: missing emails/evidence and FOIA barriers. Plaintiff alleges SSA destroyed/withheld emails and evidence during pending matters and later denied access through FOIA. **(EXHIBIT 3)(EXHIBIT 4)(EXHIBIT 6)**

4. 2016–2018 San Diego: "pre-group" physical demands + telework/parking disputes + protected disclosures. Plaintiff alleges job duties were changed to "pre-group" physical tasks conflicting with restrictions, and that he reported protected issues including Title II insured claimants being denied hearings and PII violations by management Sandra Young. The proof of reporting her crimes was later received under Freedom of Information Act**.(EXHIBIT 8)** which is proof the proposed termination was retaliatory and illegal in nature and unjustified.

5. July–August 2018 culmination: denial of union rep; distress; misinformation; proposed removal; admin-leave commitment; timely response; appeal attempts ignored; pay-status breach. On 7/27/2018 telework was removed on accusations Plaintiff denies; Plaintiff requested union representation but was denied by Daniel VanGrol and Robert Iafe; Plaintiff was under mental/health distress from denied accommodations, harassment, and false accusations; and Plaintiff was told he would not be eligible for disability retirement if fired.  SSA issued an administrative leave/pay-status notice dated 7/26/2018 and a Proposed Removal dated 7/28/2018**. (EXHIBIT 2)** Plaintiff submitted a timely response dated 8/15/2018 and repeatedly attempted to appeal as instructed (including MSPB routing). **(EXHIBIT 2)** Plaintiff alleges SSA never issued the required written decision and did not honor promised pay status/administrative leave.

6. 2018 Proposed Removal's linkage to prior discipline and tainted record. Plaintiff alleges the 2018 proposed removal and "resignation in lieu" relied on earlier disciplinary actions and a record Plaintiff had already appealed, where evidence was ignored, false statements/perjury were used, and emails/evidence were destroyed or withheld. **(EXHIBIT 9)** This linkage makes earlier events material to due process, motive, pretext, and tolling.

## V. ARGUMENT

### A. Jurisdiction is proper; the Federal Circuit's § 1631 transfer supports preservation rather than dismissal

The Federal Circuit transferred this matter to SDCA under 28 U.S.C. § 1631 and confirmed district court jurisdiction under 5 U.S.C. § 7703(b)(2) because discrimination allegations remain in connection with the MSPB matter. (Folder 7, F7-2–F7-3.) This favors adjudication on the merits and, at minimum, leave to amend—not dismissal.

### B. Timeliness cannot be resolved against Plaintiff on Rule 12; equitable tolling is plausibly pled based on obstruction, coercion, and evidence access failures

Defendant argues Plaintiff missed a 30-day deadline. Plaintiff pleads tolling facts: (1) diligence in responding and pursuing appeal routes, (2) denial of union representation and acute distress during the critical 7/27/2018 process, (3) lockout/loss of evidence/email access affecting the ability to respond and pursue review, (4) SSA's failure to issue a required decision after a timely response, (5) FOIA barriers, and (6) OPM-confirmed administrative dead-end for unpaid pay absent an SSA denial letter. Under *Irwin* and *Wong*, these allegations defeat dismissal at Rule 12. SSA sent letter to incorrect address while working in San Diego, California.  **(EXHIBIT 12)** EEO Counselor provided extension**.  (EXHIBIT 13**).  Nelson Arcilla told me I could not file EEO and

MSPB complaint together.  Joyee Lam, contact per proposed termination, told me to appeal to MSPB but only after ignoring my messages on how to appeal for about a month.  **(EXHIBIT 2 email 8/22/18)**  SSA would not accept the complaints and ignored my calls and messages.

**C. Rule 8: Plaintiff's chronology is not a defect where the proposed removal is built on prior discipline; any clarity issues are curable by amendment without narrowing the time period**

Defendant claims the pleading is "too long." But Plaintiff's broader timeline is necessary because (1) the 2018 proposed removal is tied to prior discipline and a tainted record, (2) the hostile environment and retaliation allegations span years, and (3) obstruction/evidence destruction is central to tolling and due process. Plaintiff can reorganize for clarity (counts + headings + dates) while retaining the 2009–present course of conduct. Rule 15 favors amendment if formatting/structure is the concern.  Case and pleading was transferred.  Plaintiff requests to amend the complaint if needed.   The pleading contained evidence of retaliation for whistleblowing.

**D. Res judicata does not bar claims based on post-judgment conduct and continuing course of harassment culminating in 2018; older facts are also independently relevant to hostile environment and tolling**

Defendant relies on SDNY res judicata.  Plaintiff responds:

1. Post-judgment/new adverse action not barred. The July–August 2018 proposed removal, administrative leave/pay status breach, denial of representation, lockout, and non-decision are later, distinct events that were not and could not have been adjudicated in earlier SDNY litigation.

2. Hostile work environment continuing violation. Plaintiff alleges a continuing hostile environment and retaliation course of conduct from 2009 through 2018 (and beyond), culminating in the 2018

adverse action; under *Morgan*, earlier acts may be considered as part of a single unlawful practice when at least one act is timely. Plaintiff alleges timely culminating acts in 2018 (and continuing effects), making the broader history relevant.  Medical evidence was ignored and job changes to receptionist and to PRE group was against provided doctor's notes.  Signed doctors notes supporting Family Medical Leave Act was ignored since 2016.

3. Earlier discipline is part of the 2018 "foundation." Because Plaintiff alleges the 2018 proposed removal relied on earlier disciplinary actions and tainted records where evidence was ignored/perjury occurred and emails were destroyed/withheld, those earlier events are not "unrelated background"—they are part of the challenged process and tolling narrative. The proof of perjury by James Kearns and destruction of evidence from work laptop and server while case was pending was not adjudicated on in the SDNY litigation and was decision relied on false affidavits. The phone records and emails saying I was sick was ignored and suspension and termination resulted.

4. Attempts to get reasonable accommodations were denied since 2010 and job function was changed against doctor's notes and medical evidence submitted.  Medical condition worsened due to harassment and change in duties.

**E. Plaintiff plausibly states claims: due process, involuntariness/coercion, and backpay-type relief; merits discrimination issues can proceed in EEOC while SDCA preserves and adjudicates threshold and pay/due process issues**

Plaintiff plausibly alleges:

1. Due process violations under *Loudermill* (meaningful opportunity to respond undermined by representation denial, evidence/email lockout, and failure to issue a decision after a timely response).

2. Involuntary resignation/coercion under *Covington* (misinformation about disability retirement eligibility and "resignation in lieu" processing).

3. Back pay-type relief under the Back Pay Act where an unjustified personnel action caused loss of pay, including failure to maintain promised pay status/administrative leave and obstruction of an unpaid-pay remedy requiring an SSA denial letter.

4. Permanent health damages and tortured due to the actions of Social Security Administration

To avoid duplication, Plaintiff requests a partial stay of discrimination merits issues being litigated in EEOC (case 570-2025-00796X- SF-24-0738) **(EXHIBIT 10)** while this Court preserves the case and resolves threshold issues (jurisdiction, timeliness/tolling) and non-duplicative due-process/pay relief questions. *Landis*.

## VI. REQUEST FOR LEAVE TO AMEND AND PARTIAL STAY

### A. Leave to amend (without narrowing the timeframe)

If the Court finds any deficiencies, Plaintiff requests leave to amend to reorganize the pleading into clear counts and to plead tolling with date specificity while retaining the full 2009–present course of conduct and the linkage between prior discipline and the 2018 proposed removal. Rule 15 and *Foman* favor amendment.

### B. Partial stay

Plaintiff requests a partial stay to allow EEOC merits to proceed (Folder 7, F7-1) while preserving this action and allowing this Court to decide:

1. jurisdiction and timeliness (including equitable tolling);

2. due-process defects in the proposed removal process (representation denial; evidence lockout; no final decision after response);

3. pay/status/backpay issues tied to the administrative-leave/pay-status commitment and subsequent agency inaction; and

4. preservation of the transferred mixed-case posture under § 1631 and § 7703(b)(2). (Folder 7, F7-2.)

## VII. CONCLUSION

Plaintiff respectfully requests the Court: (1) DENY Defendant's Motion to Dismiss; (2) alternatively, grant leave to amend; and (3) grant a partial stay preserving this action while EEOC merits proceed, with SDCA retaining jurisdiction over threshold and non-duplicative due-process/pay issues.  Plaintiff respectfully requests this court associate 24-1737 Lee v OPM since it is a related case and regarding the forced disability retirement applications and denials.

Dated: January 21, 2026

Respectfully submitted,

*Danny Lee /s/*

Danny Lee, Plaintiff Pro Se