# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

|                                              | Case No: 24-CV-01492-RBM-DDL |
|----------------------------------------------|------------------------------|
| DANNY LEE,                                   |                              |
| (Pro se)                                     | SUPPLEMENTAL SUBMISSION OF   |
|      Plaintiff,     |                              |
|                                              | EVIDENCE OF RETALIATION AND  |
|   v.                               |                              |
|                                              | ONGOING ADVERSE ACTION       |
| FRANK BISIGNANO, COMMISSIONER OF             |                              |
| SOCIAL SECURITY ADMINISTRATION               |                              |
|     Defendant,           |                              |

I respectfully submit this supplemental evidence to demonstrate continuing retaliation and adverse action by the Social Security Administration while my appeal of the proposed termination remains undecided.

On February 3.2026, SSA issued a written restriction barring me from entering any Social Security office for any reason, threatening arrest for trespassing, and limiting my access to the agency to written correspondence and national call centers only. **(Exhibit 1)** The restriction is indefinite, with review permitted only every three years.

This action was taken while:

- My appeal of the proposed termination remains unresolved

- SSA has failed to issue a required written final decision to the appealed proposed termination dated 7/27/18

- I was seeking enforcement of promised paid administrative leave and backpay per signed contract dated 7/27/18

- I was reporting the documented violations of personally identifiable information (PII) by former group supervisor now Hearing Office Director Sandra Young.

- I was attempting to follow up on these unresolved matters per signed contract dated 7/27/18.

- I was trying to get clarification on ban since 7/27/18 per administrative leave letter.

- I was trying to get clarification on if telework removal was forever and for all federal agencies per SF-50 and letter dated 7/27/18.

- I was trying to get clarification on regional contact since Joyee Lam phone number listed on proposed termination is invalid now.

SSA asserts the restriction is based on the frequency of my calls and my statements that I would pursue legal remedies if the agency continued to ignore my appeal and withhold pay and hang-up on me.

Asserting legal rights, seeking a decision on a pending appeal, and reporting misconduct constitute protected activity and do not constitute threats or improper conduct.

I further submit contemporaneous emails documenting that SSA employee Jeffrey Thomas repeatedly terminated calls and stated he would only transfer my inquiries to Sandra Young, the supervisor whose PII violations I reported to SSA OIG, thereby obstructing access to management and agency remedies.  **(Exhibit 2)**  I received the proposed termination due to her violations of PII which I reported.  **(Exhibit 3,4,5)**

During these communications, I advised Mr. Thomas that repeatedly terminating calls and obstructing access to records and decision-makers may violate federal law governing interference with legal proceedings and the concealment or destruction of records.  This statement was made to assert my legal rights and seek lawful compliance, not to threaten any individual.

Rather than addressing my pending appeal, withheld pay, and reported misconduct, SSA escalated by issuing a facility restriction.

Together, this evidence demonstrates:
- retaliation for protected activity and whistleblowing
- escalation after appeals and misconduct reports
- denial of due process while appeals remain pending
- continuing adverse employment related actions
- obstruction of meaningful access to agency review

This facility restriction operates as a constructive termination measure imposed without a final removal decision and forms part of a continuing pattern of retaliatory conduct.

I submit this evidence to demonstrate ongoing harm, retaliatory motive, and agency obstruction relevant to both jurisdiction and the merits of my claims.

I am also resubmitting agency file containing proof of Sandra Young violating PII **(exhibit 3)** and my emails sent to SSA OIG received under Freedom of Information Act reporting her violations of PII **(exhibit 4)**.  Part of the proposed termination was

for the violations of PII committed by Sandra Young, which I appealed as instructed and have tried to follow up on.

- Claimant was an adult without a signed and dated authorization also verified not having one by email by Daniel VanGrol stating to send one out. **(Exhibit 3,4)**
- Representative needed to submit any changes in writing per office policy. Caller must verify identity before releasing any info. Sandra Young violated this policy and changed representative information which affected every claimant with that rep as well as the rep. **(Exhibit 3,4)**

SSA has since promoted Sandra Young as the Hearing Office Director and is committing obstruction of justice by instructing staff to hangup on me and ignore my appeals.

I am permanently disabled due to the actions of Social Security Administration and visiting an office for disability or retirement benefits that I paid into should be my right. I do not want to go to jail for trying to get benefits I paid for and insured for. I was instructed to call and do not want to go to jail for following SSA instructions **(Exhibit 5)**. I still do not know if the removal from telework is forever and for all federal agencies per SF-50 despite appealing. I am also unable to get my most recent reviews and responses which are needed for lawsuits and any job prospect. I also do not know what the "discipline" I would face if I found a job during working hours in addition to forfeiting all paid administrative leave. **(Exhibit 5)**

Respectfully submitted,
*Danny Lee /s/*
Danny Lee 2/4/26