ADAM GORDON
United States Attorney
STEPHANIE SOTOMAYOR, Ill. Bar No. 63259877
LESLIE M. GARDNER. Cal. Bar No. 228693
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel: (619) 546-9590/7603
Fax: (619) 546-7751
stephanie.sotomayor@usdoj.gov
leslie.gardner2@usdoj.gov

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY LEE,<br><br>                    Plaintiff,<br><br>           v.<br><br>FRANK BISIGNANO, Commissioner of Social Security Administration,<br><br>                    Defendant. | Case No.: 24-CV-01492-RBM-DDL<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Date: March 9, 2026<br>Judge: Hon. Ruth Bermudez Montenegro<br><br>**NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** |

Defendant moved to dismiss Plaintiff Danny Lee's First Amended Complaint (FAC) for failure to comply with Federal Rule of Civil Procedure 8, failure to timely seek review of the underlying appeal, *res judicata*, failure to state a claim, and failure to timely assert allegations of denied accommodation requests. Plaintiff cannot cure these deficiencies with his opposition. The FAC should be dismissed.

## I. PLAINTIFF'S FAC SHOULD BE DISMISSED IN ITS ENTIRETY

### A. Plaintiff Failed to Timely Seek Judicial Review of his Appeal to the MSPB.

In his opposition, Plaintiff attempts to excuse his untimely filing in this Court by arguing that equitable tolling should apply, despite not alleging any facts to support this in his FAC. However, even Plaintiff's allegations in his opposition do not excuse, or even relate to, his failure to timely file in this Court. Plaintiff alleges "conflicting appeal instructions, evidence lockout, lack of a required decision, FOIA barriers, and an administrative dead-end on unpaid pay." ECF 16 at p 4, section III-5.

All but the allegation of conflicting appeal instructions refer to incidents Plaintiff alleges occurred much earlier in the administrative process that have no nexus to Plaintiff's ability or inability to seek judicial review of his MSPB appeal. As to the conflicting appeal instructions, Plaintiff fails to allege any conflict or source of conflict that caused him to miss his deadline. As explained in Defendant's Memorandum of Points and Authorities, the MSPB's February 23, 2024 Final Order included a section spelling out Plaintiff's Appeal Rights. It clearly states that judicial review of cases involving a claim of discrimination is obtained "by filing a civil action with an appropriate U.S. district court (not the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision." MSPB Final Order at p. 14 (ECF No. 1 at p. 23) (parenthetical statement and emphasis in original). *See* also 5 U.S.C. § 7703(b)(2) ("[A]ny such case…must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action…."); *Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). Plaintiff, however, waited

*Reply in Support of Motion to Dismiss*                    1                    24-CV-01492-RBM-DDL

until April 22, 2024, and filed instead in the Federal Circuit despite the express direction not to do so. The Federal Circuit then transferred Plaintiff's Complaint to this Court on August 21, 2024, several months after his deadline. Accordingly, even if Plaintiff is given credit for the date he filed in the Federal Circuit rather than in this Court, Plaintiff's initial Complaint is still untimely. His first attempt to seek judicial review from any forum was well in excess of 30 days after the MSPB's Final Order. Plaintiff's FAC, therefore, should be dismissed because it is untimely.

**B. Plaintiff's First Amended Complaint Does Not Comply with FRCP 8.**

Plaintiff's FAC fails, among other deficiencies, to coherently identify the claim or claims he is attempting to pursue; fails to identify which alleged facts support which claim(s); and fails to specify the relief he seeks for any such claims. He references a proposed termination and appeal to the MSPB but then launches into a laundry list of conclusory grievances followed by a timeline of events, the most recent of which is 2015. At first it appears Plaintiff might be pursuing a failure to accommodate claim under the Rehabilitation Act, but then Plaintiff references the Family Medical Leave Act, whistleblowing, union representation issues, the Freedom of Information Act, and possible reassignment to a receptionist position.

Plaintiff's opposition asserts that the list of prior events is necessary to his current claims but fails to address the lack of clarity as to what his current claims are, who is responsible for such claims, and the basis for relief for any such claims. The FAC simply does not give Defendant fair notice of what Plaintiff's "claim is nor the grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff's FAC, therefore, must be dismissed for failure to comply with Rule 8.

**C. Plaintiff's Claims are Barred by *Res Judicata*.**

Plaintiff's opposition fails to explain why any claims adjudicated or that could have been adjudicated in Plaintiff's previous litigation in the Southern District of New York should not be dismissed as barred by *res judicata*. Plaintiff initially appears to allege that what he calls "older facts" are background information but then appears to

allege that such allegations are part of a current ongoing hostile work environment claim. While background information is admissible in certain circumstances, it does not form the basis of a cognizable claim, nor can claims barred by *res judicata* be relitigated.

All of the claims stemming from the allegations in Plaintiff's timeline in the FAC should be dismissed as they have already been adjudicated in Defendant's favor.

### D. Plaintiff Fails to State Claims for Which Relief Can be Granted.

Plaintiff's opposition does not, and cannot, save his failure to allege cognizable claims in his FAC. Consistent with its failure to satisfy Federal Rule of Civil Procedure 8, Plaintiff's FAC fails to state claims for which relief can be granted. Even if Plaintiff's complaint properly identified the claims he is attempting to bring, he has failed to allege facts sufficient to state any such claims. Construing Plaintiff's FAC as generously as possible based on the procedural posture of the case, Plaintiff attempts to seek review of the MSPB's dismissal of his appeal and of his claim that his alleged constructive discharge was motivated by discrimination.

To establish a constructive discharge claim, Plaintiff must plead that he was subjected to discrimination such that a reasonable person, in his shoes, would feel compelled to resign. *See Green v. Brennan,* 578 U.S. 547, 555 (2016). Discrimination claims before the MSPB are limited to those alleged to have motivated an appealable personnel action. *See, e.g., Crowe v. Wormuth*, 74 F.4th 1011, 1027 (9th Cir. 2023).

The only such discrimination claim that can be gleaned from Plaintiff's FAC is one pursuant to the Rehabilitation Act for failure to accommodate. Plaintiff, however, fails to support his conclusory claim that he "was denied reasonable accommodation by [his] employer, Social Security Administration." (ECF 9 at p 2.) The only facts Plaintiff alleges to support this claim are from 2009 – where the allegation appears to indicate that he received the requested accommodation – through 2015, all of which were or could have been alleged in his previous complaints in the Southern District of New York. Plaintiff's FAC should be dismissed because it fails to state claims for which relief can be granted.

**E. Plaintiff's Claims are Untimely.**

Even if Plaintiff hadn't already pursued his discrimination claims in three other district court cases, any claims based on these allegations are untimely. An employee who chooses to pursue his claims before the MSPB must "file an appeal with the Board no later than 30 days after the effective date … of the action being appealed…." 5 C.F.R. §1201.154 (a). Plaintiff appears to allege that the denials of requests for accommodation were part of an ongoing hostile work environment. However, denial of a request for accommodation is a discrete act which, even if related to timely-filed allegations, starts a new clock for filing claims alleging that act. *See Tobin v. Liberty Mut. Ins. Co.,* 553 F.3d 121, 130 (1st Cir. 2009) ("[D]enial of a disabled employee's request for accommodation starts the clock running on the day it occurs….such a denial is a discrete discriminatory act…."); *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("Discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act."). Plaintiff filed his MSPB appeal on August 31, 2018. Any claims based on facts occurring prior to August 1, 2018, therefore, are time-barred.

**F. A Stay is Not an Appropriate Response to a Motion to Dismiss.**

Plaintiff's opposition to Defendant's motion appears to ask the Court to partially stay this case while another of Plaintiff's EEO complaints works its way through the administrative process. It is unclear what part of this case Plaintiff wishes to stay and how that would assist the parties or the Court in resolving either matter. Regardless, there is no pending motion to stay upon which the Court may rule.

**II.   CONCLUSION**

Plaintiff Danny Lee's First Amended Complaint should be dismissed for failure to comply with Federal Rule of Civil Procedure 8, failure to timely seek review of the underlying appeal, *res judicata*, failure to state a claim, and failure to timely assert allegations of denied accommodation requests. Because amendment cannot cure

Plaintiff's threshold timeliness issues or the claims barred by *res judicata*, amendment is futile and the FAC should be dismissed with prejudice.

DATED:  March 2, 2026             Respectfully submitted,

                                  ADAM GORDON
                                  United States Attorney

                                  *s/ Leslie M. Gardner*
                                  LESLIE M. GARDNER
                                  Assistant U.S. Attorney
                                  Counsel for Defendant