# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY LEE,<br><br>                            Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY<br>ADMINISTRATION,<br><br>                            Defendant. | Case No.:  3:24-cv-01492-RBM-DDL<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO DISMISS [Doc. 15]; and**<br><br>**(2) DENYING EX PARTE MOTION FOR LEAVE TO FILE AMENDED COMPLAINT [Doc. 21]** |

Before the Court are Defendant Social Security Administration's ("Defendant") Motion to Dismiss (Doc. 15) and *pro se* Plaintiff Danny Lee's ("Plaintiff") *Ex Parte* Request for Leave to Amend Complaint ("Motion to Amend") (Doc. 21).  Plaintiff filed an Opposition to Defendant's Motion to Dismiss and Request for Leave to Amend and Partial Stay (Doc. 16), a Notice of Clarification (Doc. 17) regarding his Opposition, and a Supplemental Submission of Evidence of Retaliation and Ongoing Adverse Action (Doc. 19).  Defendant filed a Reply in Support of Motion to Dismiss.  (Doc. 20.)

The Court finds this matter suitable for determination without oral argument pursuant to Civil Local Rule 7.1(d)(1).  Having reviewed the filings above, and for the reasons below, Defendant's Motion to Dismiss (Doc. 15) is **GRANTED** and Plaintiff's Motion to Amend (Doc. 21) is **DENIED**.

1

## I.   BACKGROUND

**A.    Procedural Background**

On April 22, 2024, Plaintiff filed a Petition for Review of a final order of the Merit Systems Protection Board[1] ("the MSPB") with the United States Court of Appeals for the Federal Circuit ("Federal Circuit").  (Doc. 1 at 9.)  The final order affirmed the administrative judge's decision that Plaintiff's resignation from the Social Security Administration was not coerced.  (*Id.* at 10–26.)  The Petition for Review asserted that Plaintiff (1) was discriminated against on the basis of his disabilities because he was denied requested reasonable accommodations and (2) did not receive due process because "he was not allowed to read the documents supporting his proposed removal, . . . he was denied a union representative, . . . [and] he did not receive information concerning his right to appeal the agency's decision disqualifying him from telework eligibility."  (*Id.* at 10–11.)

On August 21, 2024, the Federal Circuit transferred Plaintiff's Petition for Review to this Court.  (Doc. 1-2 at 62–63 ("Transfer Order").)  In the Transfer Order, the Federal Circuit explained that "[f]ederal district courts, not this court, have jurisdiction over 'cases of discrimination subject to the provisions of 5 U.S.C. § 7702,' 5 U.S.C. § 7703(b)(2), which involve an allegation of an action appealable to the Board and an allegation that a basis for the action was covered discrimination."  (*Id.* at 63 (citing *Perry*, 582 U.S. at 437).)  The Federal Circuit then concluded that Petitioner "continues to pursue the discrimination allegations he made before the Board, so jurisdiction to review the Board's decision lies in district court."  (*Id.*)

The Court then ordered the United States Marshal to effect service on Defendant and ordered Defendant to respond within the time provided by Federal Rule of Civil Procedure ("Rule") 12(a).  (Doc. 8 at 4–6.)  Shortly thereafter, Plaintiff filed an Amended Complaint.

---

[1] "Congress created the Merit Systems Protection Board … to review certain serious personnel actions against federal employees."  *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 422 (2017).

3:24-cv-01492-RBM-DDL

(Doc. 9.)  The Amended Complaint seems to abandon the claims in Plaintiff's Petition for Review, and instead focuses on the allegations of discrimination spanning from 2009 to 2015 that gave rise to Plaintiff's initial action before the MSPB.  (*See id.* at 1–12.)[2]  After a short stay mandated by General Order 766, *in the Matter of the Federal Lapse in Appropriations*, Case No. 25-mc-1937, ECF No. 2 (S.D. Cal. Oct. 7, 2025), the Motion to Dismiss was fully briefed.  (*See* Docs. 13, 15–20.)

**B.    Factual Background[3]**

Plaintiff was hired as a Case Intake Technician by the Social Security Administration in Brooklyn in September 2009.  (Doc. 9 at 2.)  His time at that office was unpleasant: he was frequently denied sick leave, received disproportionately difficult or unpleasant work assignments, was assigned broken desks and equipment, had only some of his requests for workplace accommodations based on medical conditions granted, and had interpersonal conflicts with several coworkers and supervisors.  (*Id.* at 2–12.)

---

[2]  Although an amended complaint must be complete in itself without reference to any other pleading, *see Lacey v. Maricopa County*, 693 F.3d 896, 901 n.1 (9th Cir. 2012), given its mandate to liberally construe *pro se* pleadings, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court "treats Plaintiff's amended complaint as having incorporated the allegations set forth in his original complaint." *Thema v. Intel Corp.*, Case No. 3:23-cv-00222-IM, 2023 WL 8006191, at *1 n.1 (D. Or. Nov. 17, 2023) (citation omitted).  When the Court refers to "the Complaint" in this Order, it includes both Doc. 1 and Doc. 9.

[3]  The factual summary in this section reflects Plaintiff's allegations, not conclusions of fact or law by this Court.  Well-pled factual allegations are accepted as true for purposes of the Motion to Dismiss.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
The Court may also properly consider the MSPB orders attached to Plaintiff's Complaint.  "If a complaint is accompanied by attached documents, the court is not limited by the allegations contained in the complaint. . . .  These documents are part of the complaint and may be considered" on a motion to dismiss." *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987), *cert. denied*, 484 U.S. 944 (1987).  Alternatively, the Court may consider the MSPB orders through judicial notice.  *See Brown v. Mattis*, No. 2:15-cv-26-JAM-EFB PS, 2017 WL 664240, at *1 n.3 (E.D. Cal. Feb. 16, 2017) (taking judicial notice of MSPB orders) (citing *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012)).

3:24-cv-01492-RBM-DDL

In May 2016, Plaintiff transferred to the San Diego office, where he encountered many of the same types of workplace struggles.  (Doc. 1 at 40–41.)  He applied for disability retirement under the Federal Employees' Retirement System in February 2018, and then requested extended leave without pay pending a determination of his disability retirement request.  (*Id.* at 40.)  On July 27, 2018, the Social Security Administration issued Plaintiff two notices: (1) that he was permanently ineligible for telework because he had been absent without leave for over five days in a calendar year and (2) a notice of proposed removal based on two charges of misconduct.  (*Id.* at 41–42, 122–130.)  During a meeting to discuss these notices, Plaintiff "told his supervisor he would rather quit than be fired, or words to that effect, which he repeated again later as he was clearing out his desk and leaving the workplace at his supervisor's behest."  (*Id.* at 42.)  The Social Security Administration then "effected [Plaintiff's] resignation on July 27, 2018."  (*Id.*)

## II.  LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "A motion to dismiss under [Rule] 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim."  *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (internal citation omitted).  An action may be dismissed for failure to allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  For purposes of a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## III.  DISCUSSION

Defendant moves to dismiss the Complaint for failure to timely seek review, failure to comply with Rule 8, failure to state a claim under Rule 12(b)(6), and *res judicata*.  (Doc.

3:24-cv-01492-RBM-DDL

15 at 2.)   The Court finds that the Complaint must be dismissed because Plaintiff's claims are barred by *res judicata*.

## A.    Timeliness

A discrimination action following an adverse decision from the MSPB must be filed in the district court "within 30 days after the date the individual filing the case received notice of the judicially reviewable action."  5 U.S.C. § 7703(b)(2).  The MSPB final order was ostensibly served on Plaintiff on February 23, 2024 and advised him: "you may obtain judicial review of this decision . . . by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit) within **30 calendar days** after you receive this decision. (Doc. 1 at 23 (emphasis in original).)  Therefore, Plaintiff had until March 24, 2024 to file his Complaint in this Court.  *See* § 7703(b)(2).  Instead, Plaintiff filed his Complaint on April 22, 2024 in the Federal Circuit, which transferred the Complaint to this Court on August 21, 2024. (*Id.* at 9, 62–63.)  Even crediting the date that Plaintiff filed in the Federal Circuit, his filing was nearly a month late.

But the 30-day window under § 7703(b)(2) is subject to equitable tolling.  *See Washington v. Garrett*, 10 F.3d 1421, 1437 (9th Cir. 1993).  A litigant is entitled to equitable tolling only if he can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (cleaned up).  Courts equitably toll limitations periods "only sparingly," such as "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period" or "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

Plaintiff argues that the deadline should be equitably tolled.  (Doc. 16 at 4, 6–7.)  In his opposition to the Motion to Dismiss, he raises eight arguments in support of his entitlement to equitable tolling.  (*Id.*)  None of these arguments are availing because the events discussed in them occurred years before the MSPB issued its final order.  (*See, e.g.*, Doc. 1 at 40 (alleged "denial of union representation" relates to Plaintiff's notice of

proposed removal in 2018); Doc. 16-10 at 21 (alleged conflicting instructions regarding the filing of MSPB complaints occurred in June or July 2021); Doc. 16-12 at 2 (letter allegedly being sent to the incorrect address concerns "[t]he processing of an amended time and attendance record" that occurred in 2016).)

However, in his Motion to Amend, Plaintiff raises a ninth argument: that he actually did not receive notice of the MSPB final order until March 26, 2024, which makes his April 22, 2024 complaint timely. (Doc. 21 at 1–2; Doc. 21-1 at 2 (email from MSPB addressed to Plaintiff, sent on March 26, 2024).) This argument contradicts documents attached to the Complaint filed by Plaintiff. For example, the MSPB final order includes a Certificate of Service indicating that Plaintiff was served on February 23, 2024 at the e-mail address he registered with the MSPB. (Doc. 1 at 27.) And Plaintiff himself indicated, on his signed Petition for Review, that the "[d]ate [the] decision or order was received" was "02/23/2024." (Doc. 1 at 9.) However, at the motion to dismiss stage, the Court "must . . . resolve any factual conflicts . . . in the plaintiff's favor." *See Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (9th Cir. 2003) (instructing district courts to do so in the context of resolving personal jurisdiction questions on a motion to dismiss); *BS Assocs. Co. Ltd. v. KBNHA Enters., Inc.*, Case No. 2:22-cv-00532-SVW-JC, 2022 WL 2964388, at *2 (C.D. Cal. May 27, 2022) (applying similar reasoning to tolling questions on a motion to dismiss). Therefore, the Court **DENIES** the Motion to Dismiss on timeliness grounds.

**B.    *Res Judicata***

Even so, Plaintiff's claims are foreclosed by *res judicata*. The doctrine "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *W. Radio Servs. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). An earlier lawsuit is precluded if it "(1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Sidhu v. Flecto Co., Inc.*, 279 F.3d 896, 900 (9th Cir. 2002).

The Court identifies at least two cases previously filed by Plaintiff against Defendant. *See Lee v. Berryhill*, 15 Civ. 1472 (KPF), 2019 WL 367834 (S.D.N.Y. Jan. 30,

3:24-cv-01492-RBM-DDL

2019) (granting Defendant's motion for summary judgment regarding Plaintiff's retaliation claim); *Lee v. Saul*, 19 Civ. 6553 (PGG) (SN), 20 Civ. 2956 (PGG) (SN), 2022 WL 873511 (S.D.N.Y. Mar. 23, 2022) (dismissing with prejudice Plaintiff's complaint alleging retaliation, obstruction of justice, and violations of the Rehabilitation Act, Title VII, the Americans with Disabilities Act, the Family and Medical Leave Act, the No Fear Act, and *Weingarten* rights[4] / the National Labor Relations Act). There is no dispute that these previous lawsuits involved the same parties or privies and reached final judgments on the merits. The Court thus analyzes only whether the previous lawsuits "involved the same 'claim' or cause of action as the later suit." *Sidhu*, 279 F.3d at 900.

To determine whether claims are identical, courts consider the following factors:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether the two suits involve infringement of the same right; (3) whether substantially the same evidence is presented in the two actions; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Id.* (citation omitted).

The previous cases "involve infringement of the same right[s]." *Id.* In the present action, Plaintiff asserts the following causes of action by name: violations of the Family and Medical Leave Act, violations of his *Weingarten* rights / the National Labor Relations Act, and obstruction of justice. (Doc. 9 at 1–2.) Construing the Complaint liberally, the Court also finds Plaintiff to allege violations of the Americans with Disabilities Act (*see* Doc. 9 at 2 ("I was denied reasonable accommodations")) and the Rehabilitation Act (*see id.* ("I was retaliated for whistleblowing.")). As noted above, the district court for the Southern District of New York previously considered each of these alleged violations in its order dismissing Plaintiff's complaint. *See Saul*, 2022 WL 873511, at *1–15.

---

[4] This refers to *NLRB v. Weingarten, Inc.*, 420 U.S. 251 (1975), which established the right to union representation during an "investigatory interview" under the National Labor Relations Act.

3:24-cv-01492-RBM-DDL

The previous lawsuits and the instant one also involve "substantially the same evidence" and "arise out of the same transactional nucleus of facts." *Sidhu*, 270 F.3d at 900. Here, Plaintiff provides a detailed timeline of Defendant's alleged wrongdoings while he was an employee. (*See* Doc. 9 at 2–12 (events spanning September 2009 through November 2015); Doc. 1 at 40–50 (events spanning May 2016 through September 2018). It is clear from the 2022 opinion that the Southern District of New York considered these same allegations, even acknowledging Plaintiff's numerous amended complaints that were filed as late as April 12, 2021. *See Saul*, 2022 WL 873511, at *1–15. Plaintiff argues that *res judicata* should not apply because the "proposed removal, administrative leave/pay status breach, denial of representation, lockout, and non-decision are later, distinct events that were not and could not have been adjudicated in earlier SDNY litigation." (Doc. 16 at 7.) He argues that he is alleging "a continuing hostile environment and retaliation course of conduct from 2009 through 2018 (and beyond)." (*Id.*) Plaintiff's arguments are again unavailing. *See, e.g.*, *Saul*, 2022 WL 873511, at *4–5 (considering Plaintiff's allegations regarding administrative leave), *16 (considering Plaintiff's allegation of denial of representation). The 2022 order concerns the same "nucleus of facts" as the Complaint in this action. Considering the *Sidhu* factors, the Court finds that the previous claims are identical to the claims here, and Plaintiff's Complaint is precluded by *res judicata*. Accordingly, the Court **<u>GRANTS</u>** the Motion to Dismiss on *res judicata* grounds.[5]

## C.    Leave to Amend

Plaintiff requests leave to amend so that he can "cure any pleading deficiencies and [ ] plead with clarity . . . streamlined claims and requested relief." (Doc. 21 at 2.) He represents that he has "been overwhelmed with depression and ha[s] had computer issues," cannot afford a lawyer, and needs extra time given that he has "recently received a motion to dismiss from Social Security Administration in regards to [his] EEO complaint." (*Id.* at

---

[5]  In light of the dismissal, the Court does not reach Defendant's other arguments.

3:24-cv-01492-RBM-DDL

1.) The Court will not grant leave to amend because amendment would be futile.

Rule 15 requires that leave to amend "be freely given when justice so requires," and "[t]his policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Although a court should regularly consider five factors when deciding whether to grant leave to amend, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), futility alone can justify the denial of a motion to amend. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted). In this case, any further amendment would be futile because Plaintiff's claims are barred by *res judicata*. *See Dommisse v. Napolitano*, 474 F. Supp. 2d 1121, 1129 (D. Ariz. 2007) ("Because of *res judicata*, this is a case where no amendment can cure the defects.") (citing *Lopez v. Smith*, 203 F.3d 1122, 1129–31 (9th Cir. 2000), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014)). Therefore, the Court **DENIES** Plaintiff's Motion to Amend (Doc. 21).

## IV.   CONCLUSION

For the foregoing reasons, the Court **ORDERS** as follows:

1. Defendant's Motion to Dismiss (Doc. 15) is **GRANTED**. All claims against Defendant are **DISMISSED without leave to amend**.

2. Plaintiff's Motion to Amend (Doc. 21) is **DENIED**.

3. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

DATE: July 9, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:24-cv-01492-RBM-DDL